# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **In re:** | : |  |
|  | : |  |
| **Willester Winfrey** | : | Case No.: 21-01773 |
|  | : | Chapter 13 |
| **Debtor.** | : | Judge Donald R. Cassling |
|  | : | * * * * * * * * * * * * * * * * * * * * |
|  | : |  |

## NOTICE OF MOTION

TO: See attached list.

    PLEASE TAKE NOTICE that on <u>December 9, 2021</u>, at <u>09:30 a.m.</u>, I will appear before the Honorable Judge Donald R. Cassling, or any judge sitting in that judge's place, and present a <u>Motion for Relief from the Automatic Stay In Rem</u>, a copy of which is attached.

    **This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

    **To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

    **To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

    **Meeting ID and password.** The meeting ID for this hearing is <u>161 414 7941</u> and the password is <u>619</u>. The meeting ID and password can also be found on the judge's page on the court's web site.

    **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

    Wells Fargo Bank, N.A., as Trustee, for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2004-WCW2

By:   /s/ Todd J. Ruchman
       Todd J. Ruchman (6271827)

21-002323_EJS1

Manley Deas Kochalski LLC
P.O. Box 165028
Columbus OH  43216-5028
Contact email is tjruchman@manleydeas.com

21-002323_EJS1

# **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached motion upon the parties listed below, by causing same to be mailed in a properly addressed envelope, postage prepaid, on the below listed date, unless a copy was provided electronically by the Clerk of the Court.

Date  November 22, 2021             /s/ Todd J. Ruchman
                                     Signature

Office of U.S. Trustee, Party of Interest, (Registered address)@usdoj.gov

Thomas H. Hooper, Office of the Chapter 13 Trustee, 55 E. Monroe St., Suite 3850, Suite 3850, Chicago, IL  60603, ecf@tvch13.net

David Freydin, Attorney for Willester Winfrey, Law Offices of David Freydin Ltd, 8707 Skokie Blvd, Suite 312, Skokie, IL  60077, david.freydin@freydinlaw.com

The below listed parties were served via regular U.S. Mail, postage prepaid, on November  22 , 2021:

Willester Winfrey, 2244 W 72nd Street, 1st Floor, Chicago, IL  60636

Estate of Leroy Winfrey, 2244 72nd Street, Chicago, IL  60636

21-002323_EJS1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:** | |
| **Willester Winfrey** | **Case No.: 21-01773** |
| | **Chapter 13** |
| **Debtor.** | **Judge Donald R. Cassling** |
| | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY IN REM (FIRST MORTGAGE)

Wells Fargo Bank, N.A., as Trustee, for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2004-WCW2 ("Creditor"), hereby moves the Court ("Motion"), pursuant to 11 U.S.C. § 362(d) to lift the automatic stay and provide in rem relief pursuant to 11 U.S.C. § 362(d)(4) as to real property commonly referred to as 2244 72nd Street, Chicago, IL 60636 ("Property").  In support of the Motion, the Creditor states the following:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and General Rule 2.33 of the United States District Court for the Northern District of Illinois.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The venue of this case and this Motion are proper under 28 U.S.C. § 1408 and 1409.

2. Willester Winfrey ("Debtor") filed a Chapter 13 case on February 10, 2021 ("Petition Date").

3. As of the Petition Date, the Creditor was the holder of a claim secured by the Property, more particularly described in the Mortgage ("Mortgage"), a copy of which is attached as Exhibit "A".

21-002323_EJS1

4. The above described Mortgage was given to secure a Fixed Rate Note ("Note"), dated March 5, 2004 and made payable to the Creditor in the original sum of $88,000.00. A copy of the Note is attached hereto as Exhibit "B".

5. The Creditor perfected an interest in the Property, more particularly described in the Mortgage, recorded in the Cook County Recorder's Office on March 15, 2004. Evidence of perfection is attached as Exhibit "A".

6. The loan was modified as set forth in the Home Affordable Modification Agreements attached as Exhibit "C" and Exhibit "D".

7. Select Portfolio Servicing, Inc. services the loan on the property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Wells Fargo Bank, N.A., as Trustee, for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2004-WCW2 ("Noteholder"). Noteholder, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly endorsed. Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

8. As of November 3, 2021, the outstanding principal of the Note was $67,882.71 and the outstanding interest was $3,583.77.

9. The Creditor is entitled to relief in the form of an in rem order under 11 U.S.C. § 362(d)(4) as Debtor has engaged in a scheme to delay, hinder, or defraud creditors by filing multiple bankruptcy filings since the inception of the loan for the Property. The current filing represents the Debtors **fourth** bankruptcy filing since 2016.

21-002323_EJS1

10. On June 13, 2016, Debtor filed the first Chapter 13 Case, 16-19332. The Debtor's case was dismissed on November 2, 2016 for failure to make plan payments. A copy of the PACER docket for this case is attached as Exhibit "E".

11. On August 15, 2018, Debtor filed the second Chapter 13 Case, 18-23012. The Debtor's case was dismissed on June 5, 2019 for failure to make plan payments. A copy of the PACER docket for this case is attached as Exhibit "F".

12. On August 8, 2019, Debtor filed the third Chapter 13 Case, 19-22258. The Debtor's case was dismissed on January 13, 2021 for failure to make plan payments. A copy of the PACER docket for this case is attached as Exhibit "G".

13. On February 10, 2021, the Debtor filed the instant case, which is the *fourth* bankruptcy filing by the Debtor since the inception of the Note.

14. A review of each of the foregoing cases reveals that the Debtor has not taken significant steps towards completing the cases or making the payments required by their Chapter 13 Plans. All the Debtor has accomplished in the **three** prior bankruptcy filings is to prevent the Creditor from selling the subject property. Creditor has been forced to incur additional foreclosure and bankruptcy fees and costs due to the multiple bankruptcy filings.

15. The pattern is the same in each case and is an abuse of the protection afforded by the provisions of the Bankruptcy Code. The failure to prosecute each case and to comply with the terms of the Plan, together with the timing of the filings with respect to foreclosure proceedings evidence Debtor's scheme to delay, hinder, or defraud creditors under 11 U.S.C. § 362(d)(4).

16. As further evidence of Debtor's scheme to defraud Creditor, the mortgage loan is contractually due for September 1, 2019 and post-petition due for September 1, 2021, as of November 3, 2021.

17. Creditor is entitled to receive it's in rem relief to prevent the Debtor from filing another bankruptcy for the sole purpose of cancelling the foreclosure sale of the subject property.

18. The Debtor is in default post-petition. A payment history is attached as Exhibit "H".

19. Said failure to make post-petition mortgage payments constitutes sufficient grounds for relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1);

20. The Property is of inconsequential value and benefit to the estate. Cause exists to lift the automatic stay under 11 U.S.C. § 362(d)(1) and/or 362(d)(2) for these reasons:

    a. Debtor has no equity in the Property and the Property is not needed by the Debtor for its reorganization. Creditor believes that the Property has a value of $68,000.00 based on Schedule D, which is attached hereto as Exhibit "I". As of November 3, 2021, the estimated principal balance is $67,882.71 with additional interest estimated at $3,583.77, escrow advance estimated at $2,342.78, late charges estimated at $28.05, fees estimated at $36.00, rec corp adv balance estimated at $2,462.25, less a contractual suspense balance of $451.19, totaling a secured claim of approximately $75,884.37. After the costs of sale and payment of all liens on the Property, there will be effectively no equity in this Property. Based upon the lack of equity in the Property, Creditor asserts that the Property is burdensome and/or of inconsequential value and benefit to the estate.

    b. The Creditor is not being adequately protected. Per the Note and Mortgage, payments are applied to the last month due. Based on the foregoing, as of November

21-002323_EJS1

3, 2021, Debtor has failed to make periodic payments to Creditor since September 1, 2021, which unpaid payments are in the aggregate amount of $949.20, less a post-petition suspense balance of $285.00 for a total post-petition delinquency of $664.20 through November 2021.  As of November 3, 2021, Debtor was to have made 9 post-petition payments.  Debtor has only made 6 post-petition payments.  Debtor is delinquent 3 post-petition payments.

21. The Creditor requests that the Court order that Rule 4001(a)(3) is not applicable.

WHEREFORE, the Creditor prays for the entry of the attached Order Granting Relief from the Automatic Stay In Rem and the Trustee is hereby directed to halt disbursements to Creditor upon the filing of the Order Granting Relief from the Automatic Stay. Additionally, Creditor requests the Fed.R.Bankr.P. 4001(a)(3) be waived so that the Order Terminating the Automatic Stay have immediate effect.

Respectfully submitted,

/s/ Todd J. Ruchman
Todd J. Ruchman (6271827)
Keith Levy (6279243)
Adam B. Hall (0088234)
Edward H. Cahill (0088985)
Stephen R. Franks (0075345)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus OH  43216-5028
614-220-5611; Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Todd J. Ruchman.
Contact email is tjruchman@manleydeas.com

21-002323_EJS1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion for Relief from the Automatic Stay In Rem (First Mortgage) was served on the parties listed below via e-mail notification:

Office of U.S. Trustee, Party of Interest, (Registered address)@usdoj.gov

Thomas H. Hooper, Office of the Chapter 13 Trustee, 55 E. Monroe St., Suite 3850, Suite 3850, Chicago, IL  60603, ecf@tvch13.net

David Freydin, Attorney for Willester Winfrey, Law Offices of David Freydin Ltd, 8707 Skokie Blvd, Suite 312, Skokie, IL  60077, david.freydin@freydinlaw.com

The below listed parties were served via regular U.S. Mail, postage prepaid, on ___November 22___, 2021:

Willester Winfrey, 2244 W 72nd Street, 1st Floor, Chicago, IL  60636

Estate of Leroy Winfrey, 2244 72nd Street, Chicago, IL  60636

/s/ Todd J. Ruchman

21-002323_EJS1